UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KENNETH AND FRAN MOREE | * | CIVIL DOCKET NO. |
| | * | |
| VERSUS | * | |
| | * | JUDGE: |
| CHEVRON PIPELINE COMPANY, | * | |
| DXP ENTERPRISES, INC. AND | * | |
| CLACK CORPORATION | * | MAG: |

*****************************************************************************

## NOTICE OF REMOVAL

**To:** The Judges of the United States District Court for the Eastern District of Louisiana

Pursuant to 28 U.S.C. § 1446, Defendant, DXP ENTERPRISES, INC. ("DXP"), with full reservation of any and all defenses, objections, and exceptions, hereby gives notice of the removal of this civil action from the Twenty-Fifth Judicial District Court, Parish of Plaquemines, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. A copy of this Notice of Removal is also being filed with the Clerk of Court for the Twenty-Fifth Judicial District Court, Parish of Plaquemines, State of Louisiana. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. As grounds for this removal, Defendant respectfully represents that:

### BACKGROUND

1.

This action commenced against DXP in the Twenty-Fifth Judicial District Court, Parish of Plaquemines, State of Louisiana, when Plaintiffs filed their Petition for Damages on October

23, 2020, said action being designated as Case No. 66,360 Division "A" ("The State Court Action"). A complete copy of the state court record is attached as Exhibit "A".

2.

This lawsuit arises out of an alleged accident on October 24, 2019, in Plaquemines Parish, State of Louisiana *See* Petition for Damages, ¶ 5, contained within Exhibit "A". Plaintiff, Kenneth Moree, alleges that on the day of the incident, he took a crew boat to the Chevron facility to check the chlorine levels at the onsite water treatment system at the facility. Plaintiff found the residual level to be low, and as a result, he started the LMI pump to pressure up the system to safely add chlorine to the system. Plaintiff was watching the pressure gage and before it reached 50 psi, the water tank allegedly separated and exploded, knocking Plaintiff backwards and onto the piping and equipment behind him. *Id*. at ¶¶ 8-11.

3.

Plaintiffs aver that DXP was negligent in the manufacture, repair, construction and/or design of the water treatment system and/or the water tank itself, failed to warn of the system and the tank's dangers or provided an inadequate warning, and was negligent in the training provided for the operation, use and maintenance of the system and the tank, which subsequently caused and/or contributed to the tank's failure and explosion resulting in Plaintiff's injuries. *See* Petition for Damages, ¶ 17, contained within Exhibit "A".

4.

Plaintiffs additionally claim that DXP is a manufacturing in accordance with the terms and conditions contained within LSA-R.S. 9:2800.53(1). *Id.* at ¶ 18.

## JURISDICTIONAL BASIS FOR REMOVAL

5.

This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because: (1) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (2) the requisite diversity of citizenship exists between Plaintiff and Defendant.

**A.      The Amount in Controversy is Satisfied**

6.

As a result of the accident, Plaintiffs claim that Mr. Moree sustained injuries, including his back and spine for which he is still treating presently. Additionally, Plaintiffs' claim that Mr. Moree is entitled to general and special damages, including, but not limited to, past, present and future mental and emotional pain and suffering; past, present and future physical pain and suffering; body disfigurement and scarring; past, present and future loss of enjoyment of life; past, present and future loss of income and benefits; loss of earning capacity; and past, present and future medical expenses. *Id*. at ¶¶ 12, 31.

7.

Additionally, Plaintiffs claim that because of the accident, Fran Moree is entitled to an award of damages for loss of consortium she has sustained. *Id.* at ¶32.

8.

Plaintiffs request a trial by jury, which necessarily requires claimed damages more than $50,000. *Id*. at ¶33.

9.

Further, it is also notable that Plaintiffs' Petition does not set forth that there is a "lack of jurisdiction of federal courts due to insufficiency of damages" as required by La. Code Civ. Proc. art. 893(A)(1). While most Louisiana federal courts have stated that a plaintiff's failure to include an Article 893 allegation, alone, is insufficient to establish the amount in controversy, they have held that the omission is entitled to some consideration in the inquiry. *See, e.g., Trahan v. Drury Hotels* Co., LLC, 2011 WL 2470982, *4 (E.D. La. June 20, 2011); *Ford v. State Farm,* 2009 WL 790150, *4 (M.D. La. Mar. 25, 2009); *Broussard v. Multi–Chem Group, LLC,* 2012 WL 1492855, *2 (W.D. La. Mar. 14, 2012). Considering Plaintiffs' claimed damages and their failure to include such a statement in their prayer for relief, the amount in controversy requirement has been satisfied.

10.

Moreover, where, as here, Plaintiffs fail to allege a specific amount of damages in the Complaint, the District Court must "examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). Pursuant to defense counsel's discussion with counsel for plaintiff on October 5, 2020, Plaintiff has undergone an anterior cervical discectomy and fusion. Plaintiff's allegations of injury are like others that have been found to satisfy the amount in controversy requirement. If proven, it is likely that the plaintiff's alleged damages will exceed the $75,000 threshold as evidenced by awards granted for similar injuries by Louisiana State Courts within the underlying jurisdiction:

A woman received general damages in the amount of $85,000, past medical expenses in the amount of $21,729.68 and future medical expenses in the amount of $4,541.21 as a result of

an auto accident. *Boulanger v. Waters*, 2011 WL 7121541. She suffered personal injuries due to the collision, including injuries to her back, neck, legs, arms, wrists and hands and sought damages for her personal injuries, medical expenses, physical pain and suffering, mental anguish and loss of life enjoyment. *Id.* In *Poirrier v. Stevenson*, 2006 WL 1626634, the plaintiff was awarded $150,000 in damages for injuries he sustained to his back, neck, head, and teeth. The plaintiff in *Peoples v. Fred's Stores of Tenn., Inc.*, was awarded $85,000 in general damages for cervical injury and left-side pain. 38 So.3d 1209, 1226–27 (La. Ct. App. 3d Cir. 2010).

11.

Based on the above cases, if proven, Plaintiff's general damages alone exceed the jurisdictional amount of $75,000.

12.

It is readily apparent that the amount in controversy in this case exceeds the jurisdictional threshold of $75,000.00. Therefore, the amount in controversy requirement is satisfied unless Plaintiff can establish that the claim is for less than the requisite amount to a "legal certainty." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006).

**B.  There Is Complete Diversity of Citizenship**

13.

As alleged in her Petition, Plaintiffs Kenneth and Fran Moree are citizens of the State of Louisiana. *See* Petition, Introductory Paragraph, included in Exhibit "A".

14.

DXP Enterprises, Inc. is and was, at the time the state action was commenced, a Houston corporation with its principal place of business in Houston. DXP is thus a citizen of the State of Texas for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

15.

Defendant, Chevron Pipe Line Company, as alleged, is and was a Delaware company with its principal place of business in San Ramon, California, both at the time of the filing of this suit and at the time of removal.

16.

Defendant, Clack Corporation, is and was a resident and citizen of Windsor, Wisconsin, both at the time of the filing of this suit and at the time of removal.

17.

Because Plaintiffs are Louisiana residents, and Defendants are citizens of Texas, California, and Wisconsin, complete diversity exists in this action.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

18.

Service of process was made on DXP Enterprises, Inc. through its registered agent for service on or about November 5, 2020.  *See* Exhibit "A."

19.

Service of process has not been made on Chevron Pipe Line Company or Clack Corporation.

20.

Defendant files this Notice of Removal within thirty (30) days from the date that DXP was served with the Petition and within one year after commencement of this action, which was filed on October 23, 2020.  This removal is therefore timely.

21.

The United States District Court for the Eastern District of Louisiana encompasses the Parish in which the state court action was filed, and thus this case is properly removed to this Court under 28 U.S.C. §§ 104(a) and 1441(a).

22.

Pursuant to 28 U.S.C. § 1446(d), Defendant is filing written notice of this removal with the Clerk of the Twenty-Fifth Judicial District Court, Parish of Plaquemines, State of Louisiana, where the action is currently pending. Copies of the State Court Notice of Filing Removal, together with this Notice of Removal, are being served upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant, DXP Enterprises, Inc., respectfully removes this action, *"Keneth and Fran Moree v. Chevron Pipe Line Company, et al"* bearing docket number 66360, Division "A," from the Twenty-Fifth Judicial District Court, Parish of Plaquemines, State of Louisiana, to this Court, pursuant to 28 U.S.C. § 1441.

Respectfully submitted:

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER, WEINSTOCK & BOGART**

*s/Joseph G. Glass*

_____
**ANDREW D. WEINSTOCK (#18495)**
**JOSEPH G. GLASS (#25397)**
**LAURA L. POUSSON #38871**
3838 N. Causeway Blvd., Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Facsimile: (504) 324-0676
andreww@duplass.com
jglass@duplass.com
lpousson@duplass.com
**Counsel for Defendant, DXP Enterprises, Inc.**

02209063-1                                            7