

# Service of Process Transmittal

11/05/2020
CT Log Number 538538334

**TO:** Gary Messersmith, Sr. VP - Corporate Counsel
DXP Enterprises, Inc.
5301 HOLLISTER ST STE 400
HOUSTON, TX 77040-6140

**RE:** **Process Served in Louisiana**

**FOR:** DXP Enterprises, Inc. (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KENNETH MOREE AND FRAN MOREE, Pltfs. vs. CHEVRON PIPE LINE COMPANY, et al., Dfts. // To: DXP Enterprises, Inc. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 00066360 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/05/2020 at 09:25 |
| **JURISDICTION SERVED:** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/05/2020, Expected Purge Date: 11/10/2020<br><br>Image SOP<br><br>Email Notification, Eugene Padgett  gene.padgett@dxpe.com<br><br>Email Notification, Gary Messersmith  gmessersmith@dxpe.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **For Questions:** | 866-665-5799<br>SouthTeam2@wolterskluwer.com |

Page 1 of 1 / SA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## CITATION

**FOR SERVICE**

**KENNETH MOREE ET AL**

Versus

**CHEVRON PIPELINE COMPANY ET AL**



Case: **00066360**
Division: A
25th Judicial District Court
Parish of Plaquemines
State of Louisiana

To: DXP ENTERPRISES INC
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:
C T CORPORATION SYSTEM
3867 PLAZA TOWER DRIVE
BATON ROUGE, LA 70816

YOU ARE HEREBY SUMMONED to comply with the demand contained in the Petition of which a true and correct copy (exclusive of exhibits) accompanies this Citation, or make an appearance either by filing a pleading, or otherwise, in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, within fifteen (15) days after the service hereof, under the penalty of default.

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Friday, October 23, 2020.

REQUESTED BY:
KENNETH H HOOKS
ATTY FOR PLTF
225-756-0222

*Lane Hochstir*

Deputy Clerk of Court for
Kim Turlich-Vaughan, Clerk of Court
P.O. Box 40
Belle Chasse, LA 70037

### Service Information

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____ served the above named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20____.

Service $_____
Mileage $_____          By: _____
Total   $_____              Deputy Sheriff

[ ORIGINAL ]

| | |
|---|---|
| KENNETH AND FRAN MOREE | SUIT NO: 66360  SEC.: A |
| VERSUS | 25th JUDICIAL DISTRICT COURT |
| CHEVRON PIPE LINE COMPANY;<br>DXP ENTERPRISES, INC. and<br>CLACK CORPORATION | PARISH OF PLAQUEMINES<br>STATE OF LOUISIANA |

FILED
OCT 23 2020
s/ LANE STOCKSTILL
DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT come KENNETH and FRAN MOREE, husband and wife, residents of Lafourche Parish, persons of the full age of majority (hereinafter jointly referred to as "Petitioners"), who respectfully represent to the Court as follows:

1.

Made defendants herein are:

A. CHEVRON PIPE LINE COMPANY, a Delaware company, licensed to do and doing business within the State of Louisiana, with a registered office and principal business establishment located at 501 Louisiana Avenue, Baton Rouge, Louisiana 70802 (hereinafter referred to as "CHEVRON");

B. DXP ENTERPRISES, INC., a foreign corporation, licensed to do and doing business in the State of Louisiana, with a principal business establishment at 8275 Florida Blvd., Denham Springs, LA 70726 and having a registered office at 3867 Plaza Tower Drive, Baton Rouge, La 70816 (hereinafter referred to as "DXP");

C. CLACK CORPORATION, a foreign corporation, not licensed to do, yet doing business in the State of Louisiana, with its corporate headquarters located at 4462 Duraform Lane, Windsor, WI 53598 (hereinafter referred to as "CLACK");

D. ABC INSRUANCE COMPANY, a yet to be identified insurance company, which is believed to have provided insurance coverage to CHEVRON for all of the damages complained of herein by Petitioners;

E. DEF INSURANCE COMPANY, a yet to be identified insurance company, which is believed to have provided insurance coverage to DXP for all of the damages complained of herein by Petitioners, and

F. XYZ INSRUANCE COMPANY, a yet to be identified insurance company, which is believed to have provided insurance coverage to CLACK for all of the damages complained of herein by Petitioners.

2.

The defendants identified above are indebted jointly, severely and insolido unto Petitioners for damages sustained for the following reasons, to wit:

3.

This Court has jurisdiction over this case, the defendants and the damages sought pursuant to the applicable provisions of the Louisiana Code of Civil Procedure, including La. C.C. P. art. 6.

-1-

4.

Venue is proper before this Court pursuant to Louisiana Code of Civil Procedure Articles 42, 73 and 74, as this parish is where the damages were sustained, where the wrongful conduct complained of occurred and because proper venue as to one or more joint or solidary obligors is proper as to all.

5.

CHEVRON is the owner and operator of a tanker loading facility located at 34115 Hwy. 11 in Buras, Louisiana, including an onsite water treatment plant (the "CHEVRON Facility").

6.

At all times material hereto, Petitioner Kenneth Moree ("Petitioner") was employed by Wastewater Treatment Systems and Operations (hereinafter "WTSO") (aka Bozeman Inc.) as a technician whose job duties entailed replenishing chlorine supplies and making sure the appropriate chlorine levels were maintained in water treatment systems for WTSO's clients/customers.

7.

CHEVRON is a client/customer of WTSO and CHEVRON has a contract with WTSO regarding its water treatment plant at the CHEVRON Facility.

8.

On or about October 24, 2019, Petitioner Kenneth Moree took a crew boat to the CHEVRON Facility to check the chlorine levels at the onsite water treatment system at that facility.

9.

Petitioner Kenneth Moree was very familiar with the CHEVRON Facility's water treatment system and had been servicing that facility for approximately five years.

10.

After his arrival at the CHEVRON Facility, Petitioner Kenneth Moree inspected the potable water system and found the residual level to be low. Pursuant to standard operating procedure, Petitioner started the LMI pump to pressure up the system in order to safely add chlorine to the system.

11.

Petitioner kept watch on the pressure gage as he manually started the LMI pump. Before the pressure gauge reached 50 psi, the water tank suddenly and without warning separated/exploded, knocking Petitioner backwards and onto the piping and equipment located behind where he was standing in the water treatment building.

12.

As a direct result of the water tank's failure, Petitioner sustained injuries to his body, including his back and spine and is still receiving medical care and treatment for those injuries.

13.

Upon information and belief, the water tank that failed was designed, built, manufactured, constructed and/or supplied by CLACK CORPORATION.

14.

Petitioners assert that CLACK was negligent in the manufacture, repair, construction and/or design of this tank, failed to warn of this tank's dangers or provided an inadequate warning, and was negligent in the training provided for the operation, use and maintenance of the tank, which subsequently caused and/or contributed to the tank's failure and explosion resulting in Petitioner's injuries. The negligence of CLACK is pled herein as a contributor to the negligence and/or fault of any and all other parties who may also be liable unto the Petitioners for their damages.

15.

Petitioners assert that CLACK is a manufacturer in accordance with the terms and conditions contained within LSA-R.S. 9:2800.53(1).

16.

Upon information and belief, the water treatment system at the CHEVRON Facility was designed, built, manufactured, constructed and/or supplied by DXP. All of the component parts of the water treatment system were procured, approved for use and installed by DXP, including specifically the water tank that failed.

17.

Petitioners assert that DXP was negligent in the manufacture, repair, construction and/or design of the water treatment system and/or the water tank itself, failed to warn of the system and the tank's dangers or provided an inadequate warning, and was negligent in the training provided

for the operation, use and maintenance of the system and the tank, which subsequently caused and/or contributed to the tank's failure and explosion resulting in Petitioner's injuries. The negligence of DXP is pled herein as a contributor to the negligence and/or fault of any and all other parties who may also be liable unto the Petitioners for their damages.

18.

Petitioners assert that DXP is a manufacturer in accordance with the terms and conditions contained within LSA-R.S. 9:2800.53(1).

19.

At all times material hereto, CHEVRON was the owner or lessor of the CHEVRON Facility and had ownership, possession, guard and control of the water treatment system located at the CHEVRON Facility, including specifically the water tank at issue herein, and is responsible for injuries to Petitioner.

20.

Upon information and belief, CHEVRON, solely or in contribution with others, designed, built, manufactured, constructed, supplied, rebuilt, repaired and/or tested the water treatment system, including the water tank at issue herein, and also provided training on its operation and maintenance for the system in question.

21.

Petitioners assert that CHEVRON was negligent in its guard, manufacture, repair, construction and/or design of this water treatment system, including specifically the water pump at issue herein, failed to warn of this tank's dangers or provide an inadequate warning, and was negligent in the training provided for the operation and maintenance of the system which subsequently caused and/or contributed to the explosion that caused Petitioners' injuries. The negligence of CHEVRON is pled herein as a contributor to the negligence and/or fault of any and all other parties who may also be liable unto the Petitioners for their damages.

22.

Petitioners assert that CHEVRON is a manufacturer in accordance with the terms and conditions contained within LSA-R.S. 9:2800.53(1).

23.

Petitioners assert that the water treatment system in question, and the water tank specifically, was unreasonably dangerous in design in that there existed an alternate design

capable of preventing the Petitioner's injuries and subsequent damages. Petitioners further assert that the likelihood the product's design would cause the Petitioner's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design in accordance with LSA-R.S. 9:2800.56.

24.

Petitioners further assert that CHEVRON and DXP are liable for Petitioners' damages as the manufacturer of the system in question which presented an unreasonably dangerous condition in its construction or composition in accordance with LSA-R.S. 9:2800.55.

25.

Petitioners allege that the defective condition existing with the water treatment system was caused, and/or contributed to, by the negligence of CHEVRON and DXP by the failure to properly design, build, manufacture and/or maintain the water treatment system, its accessories and components, including specifically the water tank, which said negligence directly caused and/or contributed to the explosion that resulted in Petitioner's injury.

26.

Petitioners further assert that CHEVRON, DXP and CLACK knew or should have known of the defective condition of the water tank and failed to remedy said defective condition within a reasonable period of time.

27.

Petitioners allege on information and belief that at the time of the incident complained of herein, there was in full force and effect a policy of commercial liability insurance issued by defendant ABC Insurance Company in which it agreed to insure and indemnify defendant CHEVRON against liability for the damages complained of herein. This policy inures, *inter alia*, to the benefit of Petitioners under the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:1269, thereby entitling Petitioners to maintain this direct action against said insurer, and rendering said insurer liable, *in solido*, with the other defendants unto Petitioners for the damages sued for herein.

28.

Petitioners allege on information and belief that at the time of the incident complained of herein, there was in full force and effect a policy of commercial liability insurance issued by defendant DEF Insurance Company in which it agreed to insure and indemnify defendant DXP

against liability for the damages complained of herein. This policy inures, *inter alia*, to the benefit of Petitioners under the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:1269, thereby entitling Petitioners to maintain this direct action against said insurer, and rendering said insurer liable, *in solido*, with the other defendants unto Petitioners for the damages sued for herein.

29.

Petitioners allege on information and belief that at the time of the incident complained of herein, there was in full force and effect a policy of commercial liability insurance issued by defendant XYZ Insurance Company in which it agreed to insure and indemnify defendant CLACK against liability for the damages complained of herein. This policy inures, *inter alia*, to the benefit of Petitioners under the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:1269, thereby entitling Petitioners to maintain this direct action against said insurer, and rendering said insurer liable, *in solido*, with the other defendants unto Petitioners for the damages sued for herein.

30.

As a result of the theories of liability asserted herein, Petitioners assert that they are entitled to recover general and special damages.

31.

Petitioner Kenneth Moree avers that as a result of the explosion described herein, he is entitled to recover the following damages including, but not limited to:

   a. Mental and emotional pain and suffering – past;
   b. Mental and emotional pain and suffering – present and future;
   c. Physical pain and suffering – past;
   d. Physical pain and suffering – present and future;
   e. Body disfigurement and scarring;
   f. Loss of enjoyment of life – past
   g. Loss of enjoyment of life – present and future;
   h. Loss of income and benefits – past;
   i. Loss of income and benefits – present and future;
   j. Loss of earning capacity;
   k. Medical expenses - past, and
   l. Medical expenses – present and future.

32.

Petitioner Fran Moree avers that as a result of the explosion and injury to her husband as

described herein, she is entitled to an award of damages for the loss of consortium she has sustained as a result of the negligence, strict liability and products liability on the part of the afore referenced Defendants identified herein.

33.

Petitioners request that they be allowed a trial by jury.

Wherefore, Petitioners pray that each of the named defendants be duly served with a copy of this *Petition for Damages* and cited to appear and answer same, and after the lapse of all legal delays and due proceedings are had, that there be judgment herein in favor of Petitioners and against the named defendants, jointly, severly, and insolido, for an amount which is just and equitable within the premises, including legal interests thereon from the date of judicial demand until paid, plus all costs of these proceedings.

Respectfully Submitted,

**DODSON & HOOKS, LLC**

_(signature)_

Kenneth H. Hooks, III, Bar Roll No. 25097
Price Mounger, Bar Roll No. 19077
112 Founders Drive
Baton Rouge, LA 70810
Telephone: (225) 756-0222
Facsimile: (225) 756-0025

and

**GAUTHIER AMEDEE**
A Professional Law Corporation
ANDRE' P. GAUTHIER, Bar Roll #21294
LEE J. AMEDEE, III, Bar Roll # 24278
2111 South Burnside Avenue
Gonzales, Louisiana 70737
Telephone: (225) 647-1300
Attorneys for Petitioners

A TRUE COPY
_(signature)_
Deputy Clerk of Court
Parish of Plaquemines, La.

**PLEASE SERVE:**

**CHEVRON PIPE LINE COMPANY**
Through its registered agent for service of process:
THE PRENTICE-HALL CORPORATION SYSTEM, INC.
501 Louisiana Avenue
Baton Rouge, LA 70802

**DXP ENTERPRISES, INC.**
Through its registered agent for service of process:
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, La 70816

*Additional service request on next page*

PLEASE SERVE THE PARTY BELOW VIA LA. R.S. 13:3201 AND 13:3204 BY PREPARING LONG ARM SERVICE DOCUMENTS FOR:

**CLACK CORPORATION**
4462 Duraform Lane
Windsor, WI 53598

| | |
|---|---|
| KENNETH AND FRAN MOREE | SUIT NO: 66360   SEC.: A |
| VERSUS | 25th JUDICIAL DISTRICT COURT |
| CHEVRON PIPE LINE COMPANY; DXP ENTERPRISES, INC. and CLACK CORPORATION | PARISH OF PLAQUEMINES<br>STATE OF LOUISIANA |

FILED OCT 23 2020
s/LANE STOCKSTILL
DEPUTY CLERK

## REQUEST FOR NOTICE

TO: Honorable Kim Turlich-Vaughan
Civil District Clerk of Court
Courthouse Annex Building
301 Main Street
P.O. Box 40
Belle Chase, LA 70037-7126

In accordance with the provisions of Articles 1571 and 1572 of the *Louisiana Code of Civil Procedure*, you are hereby requested to give us, as counsel for Petitioners, written notice by mail, ten (10) days in advance of any date fixed for any trial or hearing of the case, whether on exception, rule, or on the merits thereof.

And, in accordance with the provisions of Articles 1913 and 1914 of the *Louisiana Code of Civil Procedure*, you are hereby additionally requested to send us immediate notice of any order or judgment made or rendered in this case upon the entry of any such order or judgment.

Respectfully Submitted:

DODSON & HOOKS, LLC

By _____
Kenneth H. Hooks, III, Bar Roll No. 25097
Price Mounger, Bar Roll No. 19077
112 Founders Drive
Baton Rouge, Louisiana 70810
Telephone: (225) 756-0222
Facsimile: (225) 756-0025
Kenny@dodsonhooks.com
Price@dodsonhooks.com

and

**GAUTHIER AMEDEE**
A Professional Law Corporation
ANDRE' P. GAUTHIER, Bar Roll #21294
LEE J. AMEDEE, III, Bar Roll # 24278
2111 South Burnside Avenue
Gonzales, Louisiana 70737
Telephone: (225) 647-1300
Attorneys for Petitioners

-9-